UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Martha E. Torres, ) | |
| ) | |
| Plaintiff. ) | |
| ) | |
| v. ) | Cause No. 1: 17-cv-419 |
| ) | |
| I.C. System, Inc., ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR TRIAL BY JURY**

**INTRODUCTION**

1. Plaintiff brings this action against defendant to enforce her rights under the U.S. Bankruptcy Code and federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Plaintiff is a consumer and the defendant is a debt collector. While acting as a debt collector, defendant attempted to collect a consumer debt from plaintiffs. In so doing, defendant violated the permanent injunction against the collection of discharged debts found in the U.S. Bankruptcy Code and the FDCPA by taking actions that cannot be legally taken in connection with the collection of a debt, see 11 U.S.C. § 524, 15 U.S.C. §1692d, 15 U.S.C. § 1692e, and 15 U.S.C. § 1692f. Plaintiff seeks actual and statutory damages from defendant, along with an appropriate award of costs, litigation expenses, and attorneys' fees.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 15 U.S.C. § 1681, et seq and 28 U.S.C. § 1331.

3. Venue in this District is proper under 28 U.S.C. § 1391, as defendant conducts business in this District and the conduct complained of occurred here.

## PARTIES

4. Plaintiff, Martha E. Torres ("Torres") is a citizen of the State of Indiana, who resides in the Southern District of Indiana, from whom defendant attempted to collect a delinquent consumer debt.

5. Plaintiff was a debtor in a Chapter 7 bankruptcy proceeding that was filed in the U.S. Bankruptcy Court for the Southern District of Indiana under Case Number 13-10560-RLM-7 on October 13, 2013.

6. Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3).

7. Defendant I.C. System, Inc. (hereinafter referred to as "IC") is a Minnesota corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. IC regularly attempts to collect debts from consumers, including consumers in the State of Indiana. In fact, IC was acting as a debt collector as to the delinquent consumer debt it attempted to collect from plaintiff.

8. IC is authorized to conduct business in Indiana and maintains a registered agent here. IC conducts business in Indiana.

9. IC is licensed as a debt collection agency in the State of Indiana, under I.C. 25-11-1-1 and acts as a collection agency in Indiana.

**FACTUAL ALLEGATIONS**

10. Due to financial difficulties, on October 13, 2013, Ms. Torres filed a Chapter 7 bankruptcy.

11. Ms. Torres received a discharge in her Chapter 7 bankruptcy on January 23, 2014. A copy of her discharge order is attached hereto as Exhibit "A".

12. One of the bills discharged in Ms. Torres' Chapter 7 bankruptcy was an old utility bill with Con Edison from August 2013.

13. Collection of the old utility bill was assigned to IC in July 2015.

14. Ms. Torres received collection calls from IC in July and August of 2015. During those telephone calls, Ms. Torres advised IC of her bankruptcy filing and discharge and disputed the validity of the debt.

15. Despite having knowledge of the bankruptcy filing and Ms. Torres' discharge, IC reported the debt to various credit reporting agencies, including, Equifax and Experian, in June 2016.

16. Ms. Torres reviewed her credit reports and noted that IC is reporting that Ms. Torres has an open and active collection account and owes a total of $1,103 for the old utility bill. A copy of the relevant portion of plaintiff's credit report is attached hereto as Exhibit "B".

17. On July 13, 2016, Ms. Torres sent correspondence to Equifax and Experian disputing the debt. A copy of each letter was also mailed to IC.

18. Despite having knowledge of the bankruptcy discharge, IC reported, and continues to report, the old Con Edison bill as an active and open collection account with an open balance of $1,103.00. *See*, Exhibit "B".

19. Plaintiff disputes the debt as it was discharged in her Chapter 7 bankruptcy.

20. IC is incorrectly reporting the old Con Edison bill as active and open on Ms. Torres' credit reports.

21. The reporting of a debt to a credit reporting agency by a debt collector is a communication to which the FDCPA applies.

22. All of IC's collection actions at issue in this matter occurred within one year of the date of this Complaint.

23. IC's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## VIOLATION OF § 1692d OF THE FDCPA- HARASSMENT OR ABUSE

24. Plaintiff adopts and realleges Paragraphs 1- 23.

25. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

26. By misrepresenting the status and amount of the debt to a credit reporting agency, IC violated § 1692d of the FDCPA.

27. By attempting to collect a debt discharged in plaintiff's Chapter 7 bankruptcy, IC violated § 1692d of the FDCPA.

28. IC's violation of §1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## VIOLATION OF § 1692e(8) OF THE FDCPA – FALSE OR MISLEADING REPRESENTATIONS

29. Plaintiff adopts and realleges Paragraphs 1 – 28.

4

30. Section 1692e(8) of the FDCPA prohibits debt collectors from communicating or threatening to communicate to any person credit information which is known or should be known to be false.  *See,* 15 U.S.C. § 1692e(8).

31. By communicating that plaintiff has an outstanding and open balance on a debt that IC knew or should have known was discharged in Ms. Torres' Chapter 7 bankruptcy, IC communicated information it knew or should have known was false, and therefore violated § 1692e(8) of the FDCPA.

32. IC's violation of §1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  *See*, 15 U.S.C. § 1692k.

## VIOLATION OF § 1692e OF THE FDCPA - FALSE OR MISLEADING REPRESENTATIONS

33. Plaintiff adopts and realleges Paragraphs 1 – 32.

34. § 1692e of the FDCPA prohibits debt collectors from using false representations and deceptive means to collect a debt. See, 15 U.S.C. § 1692e.

35. By misrepresenting the status and amount of the debt to a credit reporting agency, IC violated § 1692e of the FDCPA.

36. By attempting to collect a debt discharged in plaintiff's Chapter 7 bankruptcy, IC violated § 1692d of the FDCPA.

37. IC's violation of §1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  *See*, 15 U.S.C. § 1692k.

## VIOLATION OF § 1692f OF THE FDCPA - UNFAIR PRACTICES

38. Plaintiff adopts and realleges Paragraphs 1 – 37.

39. § 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt.

40. By misrepresenting the status of the debt to a credit reporting agency, IC violated § 1692f of the FDCPA.

41. By attempting to collect a debt discharged in plaintiff's Chapter 7 bankruptcy, IC violated § 1692f of the FDCPA.

42. IC's violation of §1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  *See*, 15 U.S.C. § 1692k.

### WILLFUL VIOLATION OF THE PERMANENT INJUNCTION AGAINST COLLECTION OF DISCHARGED DEBTS

43. Plaintiff adopts and realleges Paragraphs 1 – 42.

44. IC's willful attempt to collect a debt discharged in Ms. Torres' Chapter 7 bankruptcy is a direct violation of the U.S. Bankruptcy Code's permanent injunction against the collection of discharged debts as set forth in 11 U.S.C. § 524(a)(2).

45. As a result of IC's violation of 11 U.S.C. § 524(a)(2), it is liable to plaintiff for actual damages, punitive damages, attorney fees, and costs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Martha E. Torres respectfully requests that the Court find that I.C. System, Inc. violated the FDCPA and the permanent injunction against the collection of debts discharged under the U.S. Bankruptcy Code and enter judgment against Defendant I.C. System, Inc. for actual damages, statutory damages, punitive damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k and 11 U.S.C. § 524 and § 105 and all other just and proper relief.

                Respectfully submitted,


                /s/ Thomas G. Bradburn
                Thomas G. Bradburn (15377-49)
                Attorney for Plaintiffs


## DEMAND FOR JURY TRIAL

 Plaintiffs respectfully request trial by jury.

                Respectfully submitted,


                /s/ Thomas G. Bradburn
                Thomas G. Bradburn


Thomas G. Bradburn
Bradburn Law Firm
92 South 9th Street
Noblesville, Indiana 46060
Telephone (317) 475-0826
Fax (317) 475-0825
Email: tbradburn@bradburnlaw.com